# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Frankfort Division**

| | |
|---|---|
| Rikki Pinks )<br>*formerly known as* Rikki Slone )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>Cavalry SPV I, LLC )<br>    *Defendant* )<br>Serve: )<br>    CT Corporation System )<br>    306 W. Main Street, Suite 512 )<br>    Frankfort, KY 40601 )<br> ) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*   \*   \*   \*   \*

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Venue is proper, because the nucleus of relevant facts and events which affected and/or damaged Plaintiff as a consumer occurred in Carroll County, Ky., which is located within this District.

### PARTIES

3. Plaintiff Rikki Pinks, formerly known as Rikki Slone, is a natural person who resides in Carroll County, Ky. Ms. Pinks is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a foreign limited liability company which has registered with the Kentucky Secretary of State. Cavalry is engaged in the business of

purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

5. Cavalry's principal purpose is the collection of "debt" and is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6. On April 25, 2011, Riverwalk Holdings, LTD ("Riverwalk") filed suit against Ms. Pinks in the Magoffin Circuit Court of Magoffin County, Kentucky under case number 11-CI-00126 (the "State Court Lawsuit").

7. A true and accurate copy of Riverwalk's complaint in the State Court Lawsuit is attached as Exhibit "A."

8. Riverwalk's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card debt originated by U.S. Bank N.A., ND ("U.S. Bank").

9. The charged-off U.S. Bank credit card was used for personal, family, and/or household purposes, which makes the charged-off credit card debt a "debt" within the meaning of the FDCPA.

10. Riverwalk moved for and was granted default judgment against Ms. Pinks in the State Court Lawsuit on August 23, 2011 (the "Default Judgment").

11. A true and accurate copy of the Default Judgment is attached as Exhibit "B."

12. The Default Judgment provides in pertinent part:

### DEFAULT JUDGMENT

This action coming on to be heard on the plaintiff's complaint, the Defendant, RIKKI E SLONE, was served with a Civil Summons and Complaint in Magoffin County, KY on April 27, 2011 by certified mail, it is considered and adjudged that the plaintiff, Riverwalk Holdings, LTD, recover of the defendant RIKKI E SLONE, the sum of $13,706.09 plus interest at the rate of ~~18.00~~ 12% per annum from August 29, 2008 until date of judgment, then ~~18.00~~ 12% per annum thereafter from the date of judgment until paid, and the further sum of $2,741.22 attorney's fees pursuant to KRS 286.3-750 and it's court costs, for all of which execution may issue forthwith.

This is a final Judgment and there is ~~no just~~ reason for delay in this entry.

*[signed] Kimberly Childers*
JUDGE

DATE: 8/18/11

**MAPOTHER & MAPOTHER, P.S.C.**

13.  Although the Default Judgment awards "it's [sic] court costs" to Riverwalk, no amount of court costs is included or set forth in the Default Judgment.

14.  Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

15.  The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

16.  If a prevailing party fails to file a bill of costs as required by law, the prevailing

party may not recover court costs from the losing party.

17. Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc.*, 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

18. A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

19. On April 9, 2013, Riverwalk filed a notice of transfer of interest in the judgment to ACM Riverwalk IV B, LLC.

20. On July 16, 2014, ACM Riverwalk IV B, LLC filed a notice of transfer of interest in the judgment to Cavalry SPV I, LLC. A true and accurate copy of the transfer of interest to Cavalry SPV I, LLC is attached as Exhibit "C."

21. On January 5, 2017, Cavalry prepared and filed a Bill of Costs that itemized court costs in the amount of $173.68. A true and accurate copy of Cavalry's Bill of Costs is attached as Exhibit "D."

22. The Bill of Costs includes a $10.00 "Prior Garnishment" fee of $10.00 which is not recoverable as a court cost under Kentucky law.

23. Cavalry sent the Bill of Costs to Ms. Pinks at an address where she had not lived for quite some time.

24. There are 2,095 days between April 25, 2011 (date on which judgment was entered) and January 5, 2017 (date on which Cavalry filed its Bill of Costs) which is not a reasonable in which to file a bill of costs.

25. The costs that Cavalry listed on the Bill of Costs were costs incurred by Riverwalk and not by Cavalry.

26. Upon information and belief, Cavalry did not acquire the right to recover costs from Riverwalk.

27. On July 17, 2017, Cavalry filed and served a wage garnishment on Ms. Pinks' employer (the "Garnishment"). A true and accurate copy of the Garnishment is attached as Exhibit "E."

28. The Garnishment provides in pertinent part:

```
TO JUDGMENT DEBTOR:              JUDGMENT CREDITOR:    Cavalry SPV I, LLC assignee of ACM
                                                       Riverwalk IV B, LLC transf
                                 Amount Due: $
       Rikki E Slone                                   $26,289.20  plus interest continuing at th
       400 Meatskin Rd           Probable Court Costs: $           rate of 12% until paid in ful
       Salyersville KY 41465
                                 Judgment Date:
                                                       August 23, 2011
     The Judgment Creditor is garnishing a portion
of your wages to satisfy a judgment entered against you,   Creditor's Attorney:
which includes the Amount Due shown above, plus inter-
est and costs. You may have a right to recover all or                 Fenton & McGarvey Law Firm, P.S.C.
part of the money your employer will withhold, but you                2401 Stanley Gault Parkway
must follow the instructions given below.                             Louisville, KY 40223
                                                                      502-560-6700 / 888-281-3490

The Garnishee (Employer) is:
                                                       IMPORTANT LEGAL NOTICE OF
                                                       RIGHTS TO ASSERT EXEMPTION
```

29. The Wage Garnishment includes self-awarded court costs or other fees, costs, or interest that Cavalry has no legal right to recover from Ms. Pinks (formerly known as Rikki Slone).

30. Cavalry violated the FDCPA by **(i)** including court costs in the amount due in the Wage Garnishment where no timely Bill of Costs was filed in the State Court Case; **(ii)** falsely representing the amount due in the Wage Garnishment; and **(iii)** attempting to collect more under the Default Judgment that it had any legal right to collect from Ms. Pinks.

<u>**Claims for Relief**</u>

**Violations of the FDCPA**

31. The foregoing acts and omissions of Cavalry SPV I, LLC constitute violations of the FDCPA, including, but not limited to violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Rikki Pinks requests that the Court grant her the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

        Respectfully submitted,

        /s/ James R. McKenzie
        **James R. McKenzie**
        James Hays Lawson
        *Credit Defense Attorneys, PLLC*
        115 S. Sherrin Avenue, Suite 5
        Louisville, KY 40207
        Tel:   (502) 371-2179
        Fax:   (502) 257-7309
        james@creditdefenseky.com
        hays@creditdefenseky.com